**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**ERIC AILERON BURDUE,**

Defendant.

CASE NO. 3:24 CR 281

JUDGE JAMES R. KNEPP II

**ORDER**

Pending before the Court is the Government's Motion (Doc. 42) requesting a finding that *pro se* Defendant Eric Aileron Burdue waived his attorney-client privilege by filing his Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 42). For the reasons set forth below, the Court grants the Government's Motion in part.

Background

On August 6, 2025, Defendant pleaded guilty to the single Count charged in the Indictment—Receipt and Distribution of Child Pornography under 18 U.S.C. § 2252(a)(2). *See* Doc. 1; Non-document entry dated August 6, 2025. The Court then sentenced Defendant to an 84-month term of imprisonment and restitution in the amount of $29,500. *See* Doc. 29, at 2, 7. Defendant's former Attorney, Charles M. Boss, represented him at his change of plea and sentencing hearings. *See* Non-document entries dated August 6, 2025 and January 8, 2026.

On August 31, 2026, Defendant filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2555. (Doc. 37). Therein, he argued his sentence should be vacated and full appellate rights restored based on ineffective assistance of counsel pertaining to Attorney Boss's alleged failures to: (1) fully advise Defendant of his post-plea rights to appeal; (2) properly advise Defendant

regarding the impact of statements he made during an interrogation and their effect on his likelihood of success at trial; (3) adequately investigate Defendant's statements to investigators regarding his knowledge of peer-to-peer file sharing programs; and (4) adequately investigate whether Defendant qualified for a two-level sentencing enhancement for knowingly distributing child pornography based on the same and similar statements. *See id.* at 4–8. The Government now seeks a finding Defendant waived his attorney-client privilege between him and Attorney Boss in order to "properly respond to Defendant's Motion" and the allegations contained therein. *See* Doc. 42, at 1.

Analysis & Conclusion

Habeas proceedings, including those initiated pursuant to § 2255, do not *per se* permit discovery into or disclosure of evidence subject to the attorney-client privilege. *See In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005). However, a § 2255 movant may impliedly waive such privilege "by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." *Id.* at 452–53; *see also Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) ("By alleging that his attorneys provided ineffective assistance of counsel . . . [the defendant] put at issue—and thereby waived—any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices."). As explained in *Lott* and *Johnson*, the implied waiver applies only to the attorney-client conversations and other communications implicated by a defendant's § 2255 motion. *See United States v. Simer*, 2022 WL 794609, at *1 (N.D. Ohio) ("Implied waivers are consistently construed narrowly" (quoting *Lott*, 424 F.3d at 453)).

The Court thus agrees with the Government that Defendant has waived his attorney-client privilege with respect to those communications between himself and Attorney Boss pertaining to

the factual allegations in his § 2255 Motion. *See* Doc. 42, at 2–3. The Government does not provide a proposed method for entering evidence of Attorney Boss's communications with Defendant into the record. *See id.* at 3. At this stage, the Court "finds an initial expansion record is necessary" in the form of an affidavit from Attorney Boss providing his account of his communications with and advice to Defendant pertaining only to the allegations contained in Defendant's § 2255 Motion. *See* Rule 7(a)–(b) of the Rules Governing Section 2255 Proceedings; *Simer*, 2022 WL 794609, at *1.

The Court sets forth the following schedule:

- Attorney Boss shall have 14 days to prepare and file under seal an affidavit addressing his account of the allegations in Defendant's § 2255 Motion;
- The Government shall have 30 days after Boss files such affidavit to file its Response to Defendant's § 2255 Motion; and
- Defendant shall have 30 days after the Government files its Response to file his Reply in support of his § 2255 Motion.

Should either Party require additional evidence, they shall submit requests for additional discovery consistent with Rule 6 of the Rules Governing Section 2255 Proceedings along with their Response or Reply.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2026